UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CURKLIN ATKINS                              CIVIL ACTION

VERSUS                                      NO. 09-6471

LOUISIANA ATTORNEY DISCIPLINARY             SECTION  "N" (4)
BOARD - OFFICE OF THE DISCIPLINARY
COUNSEL, ET AL.

## ORDER AND REASONS

Before the Court is the Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can be Granted (Rec. Doc. 8). This motion is opposed. After considering the memoranda of the parties and the applicable law, the Court denies this motion.

In this matter, Plaintiff Curklin Atkins ("Atkins") sues, inter alia, the Louisiana Attorney Disciplinary Board - Office of Disciplinary Counsel ("LADB") based on the actions of one of its employees, Damon S. Manning, allegedly taken while in the course and scope of his employment with the LADB and in violation of the due process and equal protection clauses of the Fourteenth Amendment and/or under 42 U.S.C. section 1983. (See Rec. Doc. 12). The LADB now moves for dismissal based on: (1) Eleventh Amendment immunity; (2) lack of subject matter jurisdiction under

the *Rooker-Feldman* doctrine; and (3) failure to state a claim upon which relief can be granted.

**(1)  Eleventh Amendment Immunity**

The Eleventh Amendment to the United States Constitution generally divests federal courts of jurisdiction to entertain suits directed against states. *Green v. State Bar of Texas*, 27 F.3d 1083, 1087 (5th Cir. 1994). Under the Eleventh Amendment to the United States Constitution, a state cannot be sued in federal court unless the state consents.  The State of Louisiana has not given an express waiver of its immunity from suit under the Eleventh Amendment. *Delahoussaye c. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991) (citing La.Rev.Stat.Ann. § 13:5106).

The issue presented is whether the LADB is entitled to Eleventh Amendment immunity. The United States Fifth Circuit has addressed this issue and has upheld a district court decision which found that the LADB is entitled to Eleventh Amendment immunity. See *Zohdy v. Platsmier*, 2006 WL 2167860, *1 (5th Cir. Aug, 2, 2006). In *Zohdy*, the lower court determined that the LADB was an agent of the Supreme Court created by La. Sup. Ct. Rule 19, §2.[1] The Zohdy Court further determined that "a suit against

---

[1]  This rule states, in pertinent part:

> A. Agency. There is hereby established one permanent statewide agency to administer the lawyer discipline and disability system. The agency consists of a statewide board as provided in this Section 2, hearing committees as provided for in Section 3, disciplinary counsel as provided for in Section 4, and staff

the [LADB] should likewise be construed as a suit against the state and should be dismissed on grounds of Eleventh Amendment immunity." (See *Zohdy*, case no. 05-305 (M.D. La. Rec. Doc. 18). The *Zohdy* Court cited *Forman v. Ours*, 804 F. Supp. 864 (E.D. La. 1992) to support this position. In *Forman*, the district court determined that the Louisiana State Bar Association and the disciplinary board, which were the entities originally responsible for attorney discipline in Louisiana pursuant to Rule 19 prior to promulgation of the above Supreme Court rule establishing the Louisiana Disciplinary Board as the "one permanent statewide agency" overseeing attorney discipline, were arms of the state. Eleventh Amendment immunity was therefore held to shield those entities from damage suits. The *Forman* Court noted that the Supreme Court oversees the operation of the disciplinary board and hears appeals from its decisions. Thus, those attorneys who are disciplined enjoy "essentially unfettered rights to appeal the Disciplinary Board's decisions and to challenge the constitutionality of any action taken by the

---

> appointed by the board and counsel. The agency is a unitary entity. While it performs both prosecutorial and adjudicative functions, these functions shall be separated within the agency insofar as practicable in order to avoid unfairness. The prosecutorial functions shall be directed by a lawyer employed full-time by the agency and performed, insofar as practicable, by employees of the agency. The adjudicative functions shall be performed by practicing lawyers and public members.

The disciplinary board is appointed by the Supreme Court pursuant to La. Sup. Ct. Rule 19, §2(B).

Disciplinary Board or the Supreme Court." *Id.* at 868.

However, this immunity only applies to monetary claims - not claims for declaratory or injunctive relief against the LADB in its enforcement capacity. See *Riley v. Louisiana State Bar Association*, 2007 WL 178108, n. 2((Jan. 19, 2007 (citing *Riley v. Louisiana State Bar Association, et al.*, Case no. 05-2500, E.D. La., (Rec. Doc. 26, n. 5)). The Court notes that Atkins has previously dismissed all claims for monetary damages against the LADB (Rec. Doc. 4), and in his opposition to the instant motion, he states that no where in the Amended Complaint does he request "injunctive relief." (Rec. Doc. 16). Thus, it is unclear to the Court exactly what type of relief from the LADB Atkins is seeking, or if he is entitled to relief in the form of any available remedy.[2] To the extent Plaintiff is seeking other means of declaratory relief, the LADB's immunity might not apply to those claims, and the motion is denied in that regard on the showing made.

**(2) Rooker-Feldman Doctrine**

"[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow*, 204 F.3d

---

[2] In his Complaint and Amended Complaint, Atkins generally prays " for such damages as are reasonable in the premises. (Rec. Doc. 1, ¶¶ 2, 14; Rec. Doc. 12, ¶¶ 2, 14). In each, Atkins further "prays for all general and equitable relief." (Rec. Doc. 1, ¶14; Rec. Doc. 12, ¶14). This ruling is made without prejudice to the LADB's right to challenge Plaintiff's entitlement to other equitable relief.

4

613, 615 (5th Cir.2000) (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir.1994)). This doctrine has come to be known as the Rooker-Feldman doctrine, see *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Under the doctrine, district courts lack subject-matter jurisdiction to hear *collateral attacks on state court judgments. See* Turner v. Chase, No. 08-31180, 2009 WL 1747788, at *2-3 (5th Cir.2009); *Union Planters Bank Nat'l Assn. v. Salih*, 369 F.3d 457, 461 (5th Cir.2004).

Here, the LADB asserts that the allegations in Atkins' Complaint reveal that he is attacking the decision in his own petition for reinstatement. To support this position, it cites to paragraphs 6-10 in the original Complaint (Rec. Doc. 1). In opposition, Atkins argues that he is not attacking the decision in his petition for reinstatement as there has been no such ruling. Instead, Atkins has made allegations directed to the allegedly tortious conduct of an LADB employee while in the

5

investigative phase of the disciplinary process.  The Court agrees with Atkins on the showing made. Notably, the LADB did not file a reply to respond to Atkins' assertion. Based on the allegations in the Complaint, the Rooker Feldman doctrine does not apply as there has been no decision on Atkins' petition for reinstatement. Thus, the LADB's motion is denied in this regard.

**(3) <u>Failure to State a Claim Upon Which relief Can be Granted for Injunctive Relief</u>**

As the basis on this part of LADB's motion rests on a claim for injunctive relief and because Atkins has not made such a claim (See Rec. Doc. 16, p. 1), the motion is denied in this regard.

Considering the foregoing, **IT IS ORDERED** that **the Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can be Granted (Rec. Doc. 8)** is **DENIED**, as expressed herein, on the showing made. However, given the lack of clarity created by the Complaint (Rec. Doc. 1), Amended Complaint (Rec. Doc. 12), and Plaintiff's Opposition memorandum relative to the instant motion (Rec. Doc. 16),

**IT IS FURTHER ORDERED** that within fifteen (15) days from the date this order is entered into the record, Atkins shall file a superseding complaint that will take the place of his original and amended complaints and which, thereafter, will control the litigation.  The superseding complaint shall include all of the

6

allegations from the original and amended complaints upon which Plaintiff continues to rely, as well as any necessary revisions, additions, and deletions.

Prior to preparing and filing the superseding complaint, Atkins shall carefully review, and take into account, the original and amended complaints, the LADB's motion to dismiss, Plaintiff's opposition thereto, this Order and Reasons, and all relevant legal authorities. Defense counsel must do the same prior to filing any response to the superseding complaint.

At a minimum, Atkin's superseding complaint must:

a. Specify any and all claims and the specific relief requested relative to each of those claims.

b. Clearly delineate each of the defendants sued with respect to each identified claim and request for relief, as well as the capacity in which the defendants are sued.

c. Anticipate possible assertions of qualified immunity by one or more of the individual defendants.

As Atkins is aware, the allegations in the superseding complaint must provide Defendants with fair notice of what the claims are and the grounds upon which they rest. *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations omitted). Although the complaint does not need "detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the

7

elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed.2d 929 (2007) (internal citations and quotations omitted). The degree of required specificity depends on context, i.e., the type of claim at issue. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). In any event, "the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim[s]." *Pinero v. Jackson Hewitt Tax Service Inc.*, No. 08-3535, 2009 WL 1605147, *2 (E.D. La. 6/5/09) (Vance, J.). Plaintiff must also be prepared to support his claims with applicable legal authority in response to a properly filed motion or as otherwise ordered by the Court.

New Orleans, Louisiana, this 29th day of January 2010.

_____
KURT D. ENGELHARDT
United States District Judge