UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CURKLIN ATKINS                              CIVIL ACTION

VERSUS                                      NO. 09-6471

LOUISIANA ATTORNEY DISCIPLINARY             SECTION "N" (4)
BOARD - OFFICE OF THE DISCIPLINARY
COUNSEL, ET AL.

## ORDER AND REASONS

Before the Court is the Motion to Dismiss Plaintiff's Superseding Complaint (Rec. Doc. 19), which is opposed. (See Rec. Doc. 20).

Plaintiff Curklin Atkins filed this suit under 42 U.S.C. § 1983 against, inter alia, the Louisiana Attorney Disciplinary Board – Office of Disciplinary Counsel ("LADB") alleging a violation of his due process and Fourteenth Amendment rights. In his Complaint, he alleged that a LADB worker, Damon S. Manning, violated his rights by making certain misrepresentations in opposing his Petition for Application for Reinstatement as an attorney.

Plaintiff sought damages for the said violations in his Complaint. LADB responded by filing a motion to dismiss for lack of subject matter jurisdiction based on Eleventh Amendment

immunity. (Rec. Doc. 3). Plaintiff subsequently filed a Motion to Voluntarily Dismiss any Claims and Causes of Action for Monetary Damages. (Rec. Doc. 4). This Court granted Plaintiff's motion (Rec. Doc. 6) and dismissed, as moot, LADB's pending motion. (Rec. Doc. 7). LADB subsequently filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon which Relief Can be Granted. (Rec. Doc. 8). Plaintiff then filed a Motion for Leave to File First Supplemental and Amending Complaint (Rec. Doc. 8), which this Court granted. (Rec. Doc. 15).

Soon after, Plaintiff filed his Superseding Complaint against LADB and Damon S. Manning. (Rec. Doc. 18). LADB and Damon S. Manning now move this Court to Dismiss Plaintiff's Superseding Complaint.

After considering the memoranda of the parties and the applicable law, the Court grants this motion. Following *Younger v. Harris*, 401 U.S. 37, 44 (1971) and *Middlesex County Ethics Comm. v. Garden State Bar Assn.* 457 U.S. 423 (1982), the Fifth Circuit has made it clear that attorney disciplinary hearings fall within the *Younger* abstention doctrine. As the LADB argued in the instant motion, all three of the *Middlesex* elements appear to be satisfied: the state proceedings were pending when the federal action was filed, the disciplinary hearings implicate an important state interest, and state proceedings provide an

2

adequate opportunity to raise federal claims.

It is important to note that nowhere in Atkins' pleadings does he assert he has appealed to the Louisiana Supreme Court, which is extremely apt at hearing constitutional issues. Instead, Atkins' Complaint suggests that five days after Mr. Manning's "untruthful" report was filed, he initiated the present action in federal court. (Rec. Doc. 1, p. 2) Under *Hensler v. District Four Grievance Committee of the State Bar of Texas*, 790 F.2d 390 (5th Cir. 1986), federal abstention is appropriate absent allegations *and proof* of bad faith, which would create an exception to the *Younger* abstention doctrine. "The bad faith exception is narrow and is to be granted parsimoniously." *Hensler v. District Four Grievance Committee*, 790 F.2d 390, 391 (5th Cir.1986).

Atkins argues that Louisiana Supreme Court Rule 19 prevents him from raising federal claims with regards to tortious conduct committed during LADB's investigation. (Rec. Doc. 20 p. 2) However, Section 30 of Rule 19 expressly provides as follows:

> A. To Board Panel. If the complainant is not satisfied with the disposition of the matter following investigation and review by a hearing committee, the complainant may appeal, within thirty days of receipt of notice pursuant to Section 4(B)(6) of the disposition of the hearing committee, to a panel of the disciplinary board, which may approve, modify or disapprove the disposition, or direct that the matter be investigated further.
>
> B. Any matter in which a panel of the disciplinary board has disapproved of the disposition or ordered that the matter be investigated further

3

> shall be reviewed by the panel issuing said order upon Disciplinary Counsel's reconsideration of the matter.
>
> C. To the Court. Within thirty days of the mailing of the disciplinary board disposition of the complainant's appeal, the complainant may file a petition for leave to appeal to the court. Leave shall not be granted unless the complainant shows that the board acted arbitrarily, capriciously, or unreasonably.

Sup. Ct. Rules, Rule 19, Section 30(A)-(C). This section appears to grant an attorney the ability to appeal any decision by the board. Just as in *Middlesex* and *Wightman v. Texas Supreme Court*, 84 F.3d 188 (5th Cir. 1996), when an attorney could have brought his claims up before the disciplinary panel or a higher state court, a federal court must abstain from deciding the case.

Having concluded that abstention is proper, the next inquiry is whether an exception for bad faith exists. Atkins alleges that Mr. Manning reported that Atkins was the subject of several liens and/or judgments, and that these liens/judgments had not been satisfied. Specifically, Atkins claims that Mr. Manning "should have had full knowledge of the facts" and "knew, or with any reasonable due diligence, should have known" of the status of Atkins' liens/judgments. (*See* Rec. Doc. 18, ¶¶ 11, 13, 16). However, these allegations do not rise to the level required for *bad faith*. While bad faith requires Mr. Manning's actions to have been intentional, there is no direct proof of his intent, merely Atkins' conclusion that Mr. Manning's actual or reasonably

4

attainable knowledge was intentionally withheld from the LADB. (*See* Rec. Doc. 18, ¶ 13). Thus, the Court concludes that Atkins has not sufficiently pled bad faith to the extent required by the Fifth Circuit. Accordingly, because there is no available exception, the *Younger* abstention doctrine applies.

Considering the foregoing, **IT IS ORDERED** that the **Motion to Dismiss Plaintiff's Superseding Complaint (Rec. Doc. 19)** is **GRANTED.**

New Orleans, Louisiana, this 22nd day of JUNE 2010.

_____
KURT D. ENGELHARDT
United States District Judge